## STATE COURT OF APPEALS—Continued

No. 143
TOLEDO v. TOLEDO EDISON Co., et al.
Ohio Appeals, 6th Dist., Lucas Co.
C. A. No. 1502. Dec. 10, 1924.
C. P. No. 94571.

974. PUBLIC SERVICE COMMISSION— Public utilities commission has authority to determine reasonableness of rate of electric energy charged street railway.

85. APPEAL—Appeal dismissed when court below is without jurisdiction.

95. ARBITRATION AND AWARD—Contract providing for arbitration in case of dispute affords sufficient remedy to redress wrongs.

Epitomized Opinion
Published only in Ohio Law Abstract

KINKADE, J.

Toledo city brought an action against the Toledo Edison Co. and Community Traction Co. claiming there was conspiracy and collusion between the two companies in the charging and payment of excessive rates for electricity, thereby enhancing street car fares to the injury of the city and its inhabitants.

The city also complained that it was refused inspection of the electric company's books. A restraining order was prayed for to prevent unjust rates.

Demurrer denied jurisdiction by the court and that the petition stated facts sufficient to constitute a cause of action. The city was party to a contract providing for arbitration in case of dispute as to charge for electricity or reference to the public utilities commission, but neither of these remedies had been invoked. Whether the utilities commission could take cognizance of the rate was questioned on the ground that the traction company was the sole customer of the electric company. Demurrer was sustained in the common pleas. On appeal the court of appeals approved the decision on demurrer, holding:

1. Since the city was a party to the contract and a large proportion of its inhabitants pay car fares the public utilities commission has jurisdiction to determine reasonableness of rates for electric energy sold traction company.

2. Appeal will be dismissed when court below is without jurisdiction.

3. Contract providing for arbitration in case of dispute affords sufficient remedy to redress wrongs.

Attorneys—F. M. Dotson, Gustavus Ohlinger, for Toledo; Tracy, Chapman and Welles, for Toledo Edison Co., et al., all of Toledo.

No. 144
MANHEIM v. FULTON
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1282. Decided Jan. 16, 1925.

1134. SUMMONS—Failure to serve, in compliance with 11231 GC does not secure for plaintiff in error jurisdiction in Court of Appeals.

BY THE COURT

Epitomized Opinion
Published only in Ohio Law Abstract

This case was presented on motion to dismiss proceedings in error for want of service within the statutory time. The Deputy in the sheriff's office made an affidavit that no summons was issued or served. The 70 day period for filing of petition in error had expired, as had also the 60 days allowed for service of summons. After the expiration of both periods an alias summons was issued and served. The Court of Appeals held:

When a petition in error was filed within 70 days and where a precipe for summons had been duly filed and there is a notation on the appearance docket of the Court of Appeals, 60 days for service is allowed. It is a burden upon the plaintiff in error, however, to see that summons is served with the 60 days. Although counsel of defendant in error has been presented with a petition in error, his refusal to waive summons could, in no way aid plaintiff in error in giving him jurisdiction over the defendant in error. Since Manheim had failed to cause such service to be made in accordance with statute he has no jurisdiction in the Court of Appeals.

Motion for dismissal of petition in error sustained.

Attorneys—Bennet, Westfall & Bennett, Columbus; Day & Day, Cleveland, and M. Hunter, Columbus, for Manheim; Vorys, Sater, Seymour & Pease, Columbus, for Fulton.